IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACQUELINE KAHLER,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 24-5219 |
| **THE COUNTY OF DELAWARE, PENNSYLVANIA,** *et al.*, | : | |
| Defendants. | : | |

# ORDER

**AND NOW,** this 29th day of January, 2026, upon consideration of Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 29), and Plaintiff's response thereto, it is hereby **ORDERED** as follows: **GRANTED in part and DENIED in part as follows:**

1. The Motion is **GRANTED with prejudice** with respect to:

   a. Count I insofar as it asserts a state-created danger claim against Edward Beebe, Regina Rodia, Anthony Mignogna, Samantha Cox, and Danielle Koerner (together, "Individual Defendants");[1] and

   b. Count IV.[2]

2. The Motion is **DENIED** with respect to:

   a. Count I insofar as it is asserts a *Monell* claim against the County of Delaware;[3] and

   b. Count III.[4]

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] The Second Amended Complaint's ("SAC") factual allegations are largely unchanged from the first amended complaint. This Court recited them in detail in its previous memorandum. *See* ECF No. 24. There, the Court dismissed the state-created danger claim asserted in Count I against Individual Defendants in their individual capacities because Ms. Kahler "point[ed] to no **affirmative** acts by Defendants that 'created or increased the risk' of sexual abuse to her." ECF No. 24 at 9 (quoting *Morrow v. Balaski*, 719 F.3d 160, 179 (3d Cir. 2013)). The SAC is similarly deficient.

Ms. Kahler points to paragraphs establishing that Individual Defendants witnessed or received reports of Boyce's misconduct toward other female Department of Emergency Services ("DES") employees. She argues Individual Defendants' failures to report these incidents caused her to suffer a violation of her bodily integrity. None of these allegations are new, nor do they establish an affirmative act by any Individual Defendant. This Court already rejected Ms. Kahler's framing of Individual Defendants' failures to report, investigate, or stop Boyce's conduct as "affirmative failure[s] to act." ECF No. 24 at 9 (quoting *Morrow*, 719 F.3d at 179). The SAC presents no new facts showing that any Individual Defendant performed an affirmative act that made Ms. Kahler "more vulnerable to danger than had the state not acted at all." *Morrow*, 719 F.3d at 178. In fact, the SAC shows the opposite: Individual Defendants merely preserved the status quo, *see L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 243 (3d Cir. 2016), and the problem is, in essence, that Individual Defendants did "not act[] at all," *Morrow*, 719 F.3d at 178 (quoting *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006)). Accordingly, Ms. Kahler has failed to state a claim for a state-created danger, and Count I is dismissed with prejudice against Individual Defendants.

[2] Individual Defendants move to dismiss Ms. Kahler's negligence claim in Count IV because they are immune from liability under Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"). Under the PSTCA, public employees may be held personally liable for torts only where the tort involves "malicious or willful conduct." *Cornell Cos., Inc. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 277 (E.D. Pa. 2007); 42 Pa. C.S.A. § 8550 (county employees not immune when tortious act "constituted a crime, actual fraud, actual malice, or willful misconduct"). "[W]illful misconduct is a demanding level of fault," *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006), that amounts to "specific intent." *Bright*, 443 F.3d at 287 (quoting *Robbins v. Cumberland Cnty. Children & Youth Servs.*, 802 A.2d 1239, 1252–53 (Pa. Commw. Ct. 2002)). In other words, "'willful misconduct' in this context has the same meaning as the term 'intentional tort.'" *Id.* (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001)). Wanton misconduct—a conscious or deliberate disregard of a known risk—is not sufficient. *Williams v. City of Phila.*, 569 A.2d 419, 421 (Pa. Commw. Ct. 1990) (discussing *Evans v. Phila. Transp. Co.*, 212 A.2d 440, 443–44 (Pa. 1965)); *see also Bright*, 443 F.3d at 287 (finding that "knowingly and deliberately disregard[ing] a known risk" is insufficient to establish willful misconduct).

Ms. Kahler alleges that Defendants acted negligently in shirking their reporting obligations despite knowing of Boyce's history of sexual misconduct. ECF No. 28 ¶ 109. She characterizes this as "negligent, wanton, willful and reckless conduct." *Id.* ¶ 110. But each factual allegation pertaining to Individual Defendants involves their failures to report Boyce's misconduct against other female employees—not any intentional action Individual Defendants took to put Ms. Kahler in harm's way. *See* ECF No. 28 ¶¶ 31–33 (Beebe, Rodia, Mignogna, and Cox witnessed or knew that Boyce commented on a female employee's chest but did not report it), 33 (Cox received report of Boyce inappropriately asking about female employee's personal sexual habits but did not report it), 35 (Rodia told female employee not to use bathroom across from Boyce's office because "that's where nasty things happen" but did not report), 36 (Rodia admitted knowing about Boyce's tendencies for years), 51 (Beebe, Mignogna, and Rodia repeatedly saw Boyce enter a female employee's office and close the door and "clearly saw him stalk her"), 54 (Mignogna received a report that Boyce showed a female employee "personal photos of his private parts" but did not take action

---

against Boyce), 54 (Koerner received a report that Boyce "put his hand on [a female employee's] butt" and "described various sexual positions that he would like to engage in with her" but Koerner dismissed the report).

These allegations establish, at most, that Individual Defendants had varying amounts of knowledge that Boyce had been sexually inappropriate with other female employees, and in failing to report these incidents, Individual Defendants recklessly or deliberately disregarded an ongoing danger to female employees. They do not, however, establish that Individual Defendants intended Ms. Kahler to be mistreated by Boyce. Therefore, Count IV must be dismissed.

Ms. Kahler has now had two opportunities to amend her complaint—once with significant guidance from this Court as to the previous deficiencies. Because she did not cure the deficiencies with respect to her state-created danger or negligence claims, dismissal with prejudice is appropriate.

[3] The Court previously allowed Ms. Kahler's *Monell* claim to proceed because she had "establishe[d] a pattern of DES supervisory employees choosing not to report sexual harassment that they personally observed or learned of through complaints, despite a policy requiring them to do so." ECF No. 24 at 12. The SAC contains no new allegations relating to this claim. Nonetheless, Defendants raise a new argument in moving to dismiss Count I of the SAC, arguing that Ms. Kahler has failed to allege a decisionmaker with final authority to establish policy is responsible for a policy or custom that caused her harm. ECF No. 29 at 10–14.

Although she does not cite the rule, Ms. Kahler argues that it is improper to file a successive motion to dismiss that raises arguments that were available at the time the previous motion was filed. The Court agrees. Under the Federal Rules of Civil Procedure, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); *see also Leyes v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015); *Sourovelis v. City of Phila.*, 246 F. Supp. 3d 1058, 1077–78 (E.D. Pa. 2017) (Robreno, J.); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1388 ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading.").

The SAC presents no new allegations pertaining to county custom and policy. Defendants chose not to argue in their previous motion to dismiss that Ms. Kahler failed to allege a proper decisionmaker for municipal liability. They cannot do so now. The Court, therefore, denies Defendants' motion with respect to the *Monell* claim. *See Sourovelis*, 246 F. Supp. 3d at 1077–78 (denying motion to dismiss where defendants made new arguments in moving to dismiss an amended complaint where "none of those arguments relate to the only new material" in the second amended complaint and "relate solely to allegations that appeared in the First Amended Complaint."); *see also James v. Geico Insurance Co.*, No. 16-cv-2757, 2017 WL 4475934, at *2–3 (E.D. Pa. Feb. 27, 2017) (denying motion to dismiss where defendant omitted substantive argument from earlier motion).

[4] Defendants argue Ms. Kahler's claim under the Pennsylvania Human Relations Act ("PHRA") claim fails because the Pennsylvania Human Relations Commission ("PHRC") has exclusive jurisdiction over complaints alleging PHRA violations for one year, and Ms. Kahler has not alleged the PHRC has concluded its review. ECF No. 29 at 14–15. Ms. Kahler filed her discrimination complaint with the PHRC on April 2, 2024. ECF No. 28 ¶10. As of April 2, 2025, one year has passed.

Under the PHRA, a complainant may not file suit in court until after the PHRC has had one year to resolve her administrative complaint. 43 Pa. C.S.A. § 962(c)(1). After a year has passed, if the PHRC has not resolved her complaint, she may bring an action in court, regardless of whether the PHRC has issued a right to sue letter. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001). Furthermore, as this Court explained in its previous opinion, courts regularly allow plaintiffs to cure timing deficiencies by refiling their complaints after one year passes. ECF No. 24 at 15–16; *see, e.g.*, *Eldridge v. Mun. of Norristown*, 828 F. Supp. 2d 746, 758 (E.D. Pa. 2011); *Rosetsky v. Nat'l Bd. of Med. Examiners of U.S., Inc.*, 350 F. App'x 698, 703, 703 n.3 (3d Cir. 2009); *McCreary v. Adult World, Inc.*, 729 F. Supp. 3d 458, 467 (E.D. Pa. 2024). Accordingly, Count III may proceed to discovery.